|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | PRIORITY SEND<br>JS-6 |

### CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 11-10801-JFW (Ex)** | Date:  January 20, 2012 |
| Title: | Teresa Frazier -v- American Medical Systems, Inc., et al. | |

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **Shannon Reilly**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

   On December 29, 2011, Plaintiff Teresa Frazier ("Plaintiff") filed a Complaint in this Court against Defendant American Medical Systems, Inc. ("Defendant").  Plaintiff failed to allege any basis for subject matter jurisdiction.  *See*, Local Rule 8-1 ("The statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's jurisdiction").

   While Plaintiff indicated on the Civil Cover Sheet that the basis for subject matter jurisdiction was diversity, Plaintiff failed to allege any facts demonstrating that diversity jurisdiction exists. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  However, Plaintiff failed to allege that the amount in controversy exceeds $75,000.  In addition, for the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).  Plaintiff failed to allege either the state of incorporation or the principal place of business of Defendant.  Instead, Plaintiff alleged only that Defendant is and was "licensed to do business in California."  Complaint, ¶ 2.  This is insufficient.

   Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190,

1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.